UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NITHYANANDA DHANAPEETAM
OF COLUMBUS,

      Plaintiff,               CIVIL ACTION NO. 14-mc-51228

      v.                       DISTRICT JUDGE PAUL D. BORMAN

AARTHI S. RAO,            MAGISTRATE JUDGE MONA K. MAJZOUB

      Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter comes before the Court on two motions: (1) Plaintiff Nithyananda Dhanapeetam of Columbus's Motion for Appearance and Examination of Judgment of Defendant Aarthi Rao (docket no. 2) and (2) Plaintiff's Motion for Sanctions, an Order of Contempt, and to Compel Compliance Against Manickam Narayanan (docket no. 5). No response has been filed. This matter has been referred to the undersigned for all pretrial purposes pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B). (Docket no. 3.) Because this is a post-judgment matter, the undersigned must proceed by Report and Recommendation. The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

**I.     RECOMMENDATION**

For the reasons that follow, it is recommended that Plaintiff's Motion for Appearance and Examination of Judgment of Defendant Aarthi Rao (docket no. 2) be **GRANTED** and that

Plaintiff's Motion for Sanctions, an Order of Contempt, and to Compel Compliance Against Manickam Narayanan (docket no. 5) be **GRANTED IN PART** as follows:

(1) Mr. Narayanan should be ordered to appear before the Honorable Paul D. Borman on a date certain to show cause why he should not be held in civil contempt for failing to comply with Plaintiff's subpoena;

(2) Unless Mr. Narayanan can satisfactorily show cause as to why he has not fully complied with Plaintiff's subpoena, he should be held in civil contempt of court by the District Judge; and

(3) Mr. Narayanan should be ordered to purge himself of the contempt by fully complying with the subpoena and by paying the reasonable fees and costs incurred by Plaintiff as a result of his non-compliance.

## II.   REPORT

### A.   Plaintiff's Motion for Appearance and Examination

On August 12, 2014, Plaintiff obtained a default judgment in the United States District Court for the Southern District of Ohio, Eastern Division, Case No. 2:13-CV-00526, against Defendant in the amount of $463,211.25, plus $10,568.30 in attorneys fees, $603.20 in costs, and post-judgment interest in the amount of three percent per annum. (Docket no. 2 at 2-3, 11-15.) The default judgment was certified and registered in this District on September 12, 2014. (Docket no. 1.) Plaintiff filed the instant Motion for Appearance and Examination of Judgment of Defendant on October 22, 2014 pursuant to Federal Rule of Civil Procedure 69 and Michigan Compiled Laws § 600.6110, seeking to determine Defendant's financial status and the scope of her collectible assets. (Docket no. 2.)

Federal Rule of Civil Procedure 69 governs the execution of judgments. The Rule states:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution–and in proceedings supplementary to and in aid of judgment or execution–must accord with the procedure of the state where the court is located . . . .

Fed. R. Civ. P. 69(a)(1). The Rule also allows a party attempting to enforce a judgment to obtain discovery from any person in aid of executing that judgment. Fed. R. Civ. P. 69(a)(2).

In Michigan, court rules and statutes govern supplementary proceedings to enforce judgments. *See* Mich. Comp. Laws § 600.6101 *et seq.*, Mich. Ct. R. 2.621(A)(2), *Miko Enterprises, Inc. v. Allegan Nursing Home, LLC*, No. 1:09-CV-988, 2010 WL 148659, at *4 (W.D. Mich. Jan. 12, 2010) (Quist, J.). Michigan Compiled Laws § 600.6104 provides:

> After judgment for money has been rendered in an action in any court of this state, the judge may, on motion in that action or in a subsequent proceeding:
>
> (1) Compel a discovery of any property or things in action belonging to a judgment debtor, and of any property, money, or things in action due to him, or held in trust for him;
>
> (2) Prevent the transfer of any property, money, or things in action, or the payment or delivery thereof to the judgment debtor;
>
> (3) Order the satisfaction of the judgment out of property, money, or other things in action, liquidated or unliquidated, not exempt from execution;
>
> (4) Appoint a receiver of any property the judgment debtor has or may thereafter acquire; and
>
> (5) Make any order as within his discretion seems appropriate in regard to carrying out the full intent and purpose of these provisions to subject any nonexempt assets of any judgment debtor to the satisfaction of any judgment against the judgment debtor.

Mich. Comp. Laws § 600.6104. Michigan law also provides that "[u]pon an affidavit, showing to the satisfaction of the judge that any person has money or property of the judgment debtor, or is indebted to him," the judge has the power to issue a subpoena requiring a judgment debtor or a third person to submit to an examination under oath and produce any information or documents

in "his or its possession or control which have or may contain information concerning the property or income of the debtor." Mich. Comp. Laws § 600.6110(1). And a court may restrain the judgment debtor from transferring, disposing of, or interfering with any property that may be subject to the judgment. Mich. Comp. Laws § 600.6116(1).

In an affidavit attached to Plaintiff's Motion, Plaintiff's counsel attests that after repeated demands, Defendant has refused to apply any funds toward the satisfaction of the judgment she owes to Plaintiff. (Docket no. 2 at 10.) Plaintiff's counsel also affirms his belief that Defendant has property that she refuses to apply toward the satisfaction of the judgment; he also claims that he has verified Defendant's joint ownership of real property with her husband in Ann Arbor, Michigan. (*Id.*) Plaintiff has met the requirements of Michigan Compiled Laws § 600.6110(1) and is entitled to conduct a creditor's examination in an effort to collect on the judgment. Accordingly, Plaintiff's Motion should be granted, and Defendant should be ordered to appear for a creditor's examination and bring to the examination all of the documents listed in Exhibit 1 to Plaintiff's Motion.

   **B.**  **Plaintiff's Motion for Sanctions**

Also before the Court is Plaintiff's Motion for Sanctions, an Order of Contempt, and to Compel Compliance Against Manickam Narayanan, filed on December 19, 2014, for his failure to comply with a subpoena duces tecum. (Docket no. 5.) "Except in cases where a United States Magistrate Judge exercises consent jurisdiction in a civil case under 28 U.S.C. § 636(c) or misdemeanor jurisdiction under 18 U.S.C. § 3401, the Magistrate Judge may not enter an order of civil contempt. Rather, the Magistrate Judge must proceed under 28 U.S.C. § 636(e)(6)(B)." *U.S. v. Hendrickson*, No. 06-11753, 2010 WL 2318770, at *1 (Apr. 16, 2010). This section provides as follows:

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B).

Pursuant to Federal Rule of Civil Procedure 45(g), failure to obey a subpoena without adequate excuse is conduct punishable by contempt; accordingly, the undersigned certifies the following facts:[1]

1. In an effort to conduct discovery in aid of executing the default judgment against Defendant pursuant to Federal Rule of Civil Procedure 69(a)(2), *supra*, Plaintiff served Defendant's husband, Manickam Narayanan with a subpoena duces tecum. (Docket no. 5-2.)

2. The subpoena commanded Mr. Narayanan to appear and testify at, and bring certain documents to, a deposition scheduled for December 9, 2014 at 2:00 p.m. at the law offices of Plaintiff's counsel in Gross Pointe Farms, Michigan. (*Id.*)

3. The subpoena was issued by the United States District Court for the Southern District of Ohio; however, Plaintiff asserts that this Court has jurisdiction over this Motion under Federal Rule of Civil Procedure 45(g) because this is the District where compliance was required. (Docket no. 5 at 2.)

4. Plaintiff further asserts that the place of compliance was both within the state and within 100 miles of where Mr. Narayanan "resides, is employed, or regularly conducts business" in accordance with Rule 45(c)(1). (*Id.* at 3.)

5. The subpoena was sent to Mr. Narayanan's last known mailing address, P.O. Box 1408, Ann Arbor, MI 48106-1408, on or around October 30, 2014 via certified mail. It was then forwarded to another post office box in Ann Arbor, P.O. Box 131275, Ann Arbor, MI 48113, and was picked up on November 12, 2014. (*See* docket no. 5-2.) Plaintiff's counsel subsequently verified with the Ann Arbor Post Office that Mr. Narayanan's new address is P.O. Box 131275, Ann Arbor, MI 48113-1275. (*Id.* at 3-4; *see* docket nos. 5-3, and 5-4.)

---

[1] Because the facts of this matter are undisputed, the undersigned finds it unnecessary to hold a fact-finding hearing before certifying the facts in accordance with 28 U.S.C. § 636(e)(6)(B).

6. Mr. Narayanan failed to respond to or comply with the subpoena. (*Id*. at 4; *see* docket no. 5-5.)

7. Plaintiff asserts that Mr. Narayanan's non-compliance resulted in approximately $5,000.00 in attorney fees and costs to Plaintiff. (*Id*.)

8. As relief, Defendant requests that the Court issue an order for contempt and monetary sanctions against Mr. Narayanan as well as an order requiring Mr. Narayanan to appear for a deposition and produce the documents listed in Exhibit 1 to the subpoena. (*Id*. at 1, 5.)

Federal Rule of Civil Procedure 45 governs the issuance of subpoenas for the discovery of information from third parties. Rule 45(g) provides that "[t]he court for the district where compliance [with a subpoena] is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). It is within the court's sound discretion whether to hold an individual in contempt, but such a sanction "should not be used lightly." *Elec. Workers Pension Trust Fund of Local Union #58, IBEW v. Gary's Elec. Serv. Co.,* 340 F.3d 373, 378 (6th Cir. 2003). Moreover, when contempt is sought by a party, the party seeking contempt must demonstrate by clear and convincing evidence that the individual "violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *M & C Corp. v. Erwin Behr GmbH & Co.*, 289 F. App'x 927, 935 (6th Cir. 2008) (internal quotations omitted). Any ambiguity in the Court's order is resolved "in favor of the party charged with contempt." *Id.* The burden then shifts to the individual charged with contempt to make a categorical and detailed showing that compliance is impossible. *U.S. v. Rylander*, 460 U.S. 752, 757 (1983); *U.S. v. Conces*, 507 F.3d 1028, 1043 (6th Cir. 2007).

The certified facts outlined above support a finding of civil contempt. The record indicates that Plaintiff's subpoena to Mr. Narayanan was properly served in this matter, and Plaintiff has clearly demonstrated that Mr. Narayanan violated the subpoena by failing to appear

for the deposition.  The subpoena was not ambiguous.  Furthermore, Mr. Narayanan has not filed an objection, moved to quash the subpoena, or responded to Plaintiff in any manner.  Accordingly, Plaintiff's Motion should be granted in part, and Mr. Narayanan should be ordered to appear before the Honorable Paul D. Borman on a date certain to show cause why he should not be held in civil contempt for failing to comply with Plaintiff's subpoena.  Unless Mr. Narayanan can satisfactorily show cause as to why he has not fully complied with Plaintiff's subpoena, he should be held in civil contempt of court by the District Judge, and he should be ordered to purge himself of the contempt by fully complying with the subpoena and by paying the reasonable fees and costs incurred by Plaintiff as a result of his non-compliance.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not

later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: September 8, 2015          s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Aarthi Rao at P.O. Box 1408, Ann Arbor, Michigan 48106; Manickam Narayanan at P.O. Box 131275, Ann Arbor, Michigan 48113-1275; and counsel of record on this date.

Dated: September 8, 2015          s/ Lisa C. Bartlett
                                  Case Manager