UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NITHYANANDA DHANAPEETAM
OF COLUMBUS,

      Plaintiff,

v.

AARTHI S. RAO,

      Defendant.
_____/

Case No. 14-cv-51228

Paul D. Borman
United States District Judge

Mona K. Majzoub
United States Magistrate
Judge

OPINION AND ORDER
(1) ADOPTING MAGISTRATE JUDGE MAJZOUB'S
SEPTEMBER 8, 2015 REPORT AND RECOMMENDATION;
(2) OVERRULING MANICKAM NARAYANAN'S OBJECTIONS (ECF NO. 9);
(3) GRANTING PLAINTIFF'S MOTION FOR APPEARANCE AND EXAMINATION OF
JUDGMENT OF DEFENDANT AARTHI S. RAO (ECF NO. 2);
(4) ORDERING DEFENDANT TO APPEAR FOR A
CREDITOR'S EXAMINATION *DUCES TECUM*,
(5) GRANTING IN PART PLAINTIFF'S MOTION FOR SANCTIONS AND AN ORDER OF
CONTEMPT AND TO COMPEL COMPLIANCE
AGAINST MANICKAM NARAYANAN (ECF NO. 5); AND
(6) ORDERING MANICKAM NARAYANAN TO APPEAR BEFORE THIS COURT ON
**FRIDAY, JUNE 3, 2016 AT 2:00 P.M.**
TO SHOW CAUSE WHY HE SHOULD NOT BE HELD IN CIVIL CONTEMPT

This action involves efforts by Plaintiff Nithynanda Dhanapeetam of Columbus ("NDC"), an Ohio non-profit corporation engaged in delivering health and wellness services, to attempt to collect on a default judgment obtained in the United States District Court for the Southern District of Ohio against the Defendant Aarthi Rao, on August 12, 2014, in the amount of $463,211.25, plus $10,568.30 in attorney's fees, $603.20 in costs, and post-judgment interest in the amount of three percent per annum. (ECF No. 1, Certified Registration of Judgment from Southern District of Ohio,

S.D. Ohio Civil Action No. 13-cv-00526). The underlying action involved NDC's claims against Defendant Rao and her then husband Manickam Narayanan, who was dismissed without prejudice from the Ohio action, for defamation and tortious interference with business relationships. Plaintiff successfully obtained a default judgment against Rao and now alleges that Rao has refused to apply any funds toward the satisfaction of the judgment she owes to Plaintiff and has refused to appear for a creditor's examination. Plaintiff also alleges that Defendant owns property jointly with Narayanan and that Narayanan has refused to comply with a third-party subpoena compelling his attendance at a deposition *duces tecum* in this matter.

## I.     BACKGROUND

On September 8, 2015, Magistrate Judge Mona K. Majzoub issued a Report and Recommendation that the Court: (1) grant Plaintiff's motion to compel Rao's attendance at a creditor's exam; (2) order Mr. Narayanan to appear before this Court to show cause why he should not be held in contempt for failing to comply with Plaintiff's subpoena; (3) order Mr. Narayanan to purge himself of this contempt by fully complying with the subpoena by attending his deposition *duces tecum*; and (4) order Mr. Narayanan to pay Plaintiff's reasonable costs incurred as a result of his non-compliance.

The Defendant has not filed Objections to those aspects of the Report and Recommendation that relate to her and the Court ADOPTS the Magistrate Judge's recommendation that Defendant appear for a creditor's examination and Orders Defendant to appear for that examination at the date and time set by the Plaintiff and Orders Defendant to bring with her those documents listed on Exhibit 1 to Plaintiff's motion to compel creditor's examination.

Mr. Narayanan has filed an Objection to the Magistrate Judge's recommendation that he be ordered to appear before the Court to show cause why he should not be held in contempt for his failure to comply with Plaintiff's properly served deposition subpoena *duces tecum*. Mr. Narayanan urges the Court to adopt the portion of the Report requiring him to appear for the requested deposition *duces tecum*, but objects to that portion of the Report requiring him to appear before this Court to show cause why he should not be held in civil contempt for his failure to comply with the subpoena and ordered to pay sanctions. Plaintiff filed a Response to Narayanan's Objections. (ECF No. 10, Plaintiff's Response to Objections.)

For the reasons that follow the Court OVERRULES Mr. Narayanan's Objections, ADOPTS the Report and Recommendation, GRANTS IN PART Plaintiff's Motion for Sanctions, an Order of Contempt, and to Compel Compliance Against Manickam Narayanan, Orders Mr. Narayanan to appear for the requested deposition *duces tecum* at a date and time to be specified by the Plaintiff within thirty (30) days of the date of this Order and further Orders Mr. Narayanan to appear before this Court on **Friday, June 3, 2016 at 2:00 p.m.** to show cause why he should not be held in contempt for failure to comply with a properly served third party subpoena and sanctioned.

## II.   STANDARD OF REVIEW

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of those portions. FED. R. CIV. P. 72(b); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted).  A non-specific

3

objection, or one that merely reiterates arguments previously presented, does not adequately identify alleged errors on the part of the magistrate judge and results in a duplication of effort on the part of the district court: "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Specific objections enable the Court to focus on the particular issues in contention. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Id.* Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." *Id*.

## III.   ANALYSIS

Mr. Narayanan has identified three separate numbered objections to the Magistrate Judge's Report and Recommendation. All three objections, however, are based upon the same alleged error in the Magistrate Judge's Report, *i.e.* Respondent disagrees with the Magistrate Judge's finding that the subpoena was properly served on Mr. Narayanan in this matter and to the Magistrate Judge's finding that Mr. Narayanan violated the subpoena by failing to appear for the deposition. Mr. Narayanan is now willing to comply with the subpoena and appear for the deposition *duces tecum*, but objects to that portion of the Magistrate Judge's Report recommending that this Court order Mr. Narayanan to appear to show cause why he should not be held in civil contempt and face the imposition of sanctions.

4

The Court agrees with the Magistrate Judge's finding that Mr. Narayanan was properly served in this case and therefore agrees with the recommendation that he appear for his deposition *duces tecum* at a time, date and location as instructed by the Plaintiff. The Court also agrees with the recommendation that Mr. Narayanan be ordered to appear before this Court to show cause why he should not be held in civil contempt for failure to comply with the subpoena. It is undisputed that the subpoena was forwarded to Mr. Narayanan's correct Post Office Box and that the subpoena was picked up from that Post Office Box on November 12, 2014. Report at 5, ¶ 5. Mr. Narayanan does not deny that he received actual knowledge of the subpoena through registered mail. He argues rather that Plaintiff did not try hard enough to serve him personally before resorting to service by certified mail.

The Court is unpersuaded by Respondent's argument and agrees with the Magistrate Judge that service by certified mail to Mr. Narayanan's Post Office Box 131275, Ann Arbor, MI 48113, his last known address, was proper service. *OceanFirst Bank v. Hartford Ins. Co.*, 794 F. Supp. 2d 752, 754 (E.D. Mich. 2011) (holding that service of a third party subpoena for a deposition *duces tecum* via certified mail is proper alternate service if reasonably diligent efforts to effect personal service have failed). Plaintiff in this case has demonstrated such reasonably diligent efforts to locate and serve Mr. Narayanan, whom Plaintiff originally named as a party in the Ohio federal court action, but later dismissed without prejudice. Plaintiff attempted personal service of the Summons and Complaint in this matter on Mr. Narayanan and Ms. Rao at an Ann Arbor address that Plaintiff then believed to be the home in which Mr. Narayanan and Ms. Rao were living, only to find that in fact Mr. Narayanan and Ms. Rao were renting the house to others, not living there themselves. (ECF No. 10, Pl.'s Resp. to Objections, Ex. A, Oct. 6, 2015 Affidavit of Jeffrey A. Willis.) The Process

5

Server who attempted the personal service of the Summons and Complaint was able to get the name of the real estate agent who rented the property, whom Plaintiff ultimately deposed and who gave Plaintiff the only address she had for Mr. Narayanan, *i.e.* Post Office Box 1408, Ann Arbor, MI 48106. *Id.* ¶¶ 3a-h. Service of the Summons and Complaint on Mr. Narayanan on November 21, 2013 to Post Office Box 1408 was successful and Mr. Narayanan retained counsel and responded to the Summons and Complaint. *Id.* ¶¶ i-j. Mr. Narayanan was later dismissed without prejudice as a Defendant in the Ohio action. *Id.* ¶ 2.

Having successfully served Mr. Narayanan with the Summons and Complaint at the Post Office Box 1408 address after diligent efforts to serve him personally had failed, Plaintiff reasonably sought to serve him with the notice of deposition *duces tecum* in the same manner. On October 30, 2014, Plaintiff sent the subpoena via certified mail to the Post Office Box 1408 address. (ECF No. 10, Pl.'s Resp. to Objections, Ex. B.) The subpoena was forwarded to another Post Office Box, Post Office Box 131275, Ann Arbor, MI 48113. *Id.* Plaintiff verified through the Post Office that this was the correct forwarding address for Mr. Narayanan and also verified that the mail from Post Office Box 131275 was picked up on November 12, 2014. In fact, Mr. Narayanan does not dispute that he did receive the subpoena. He chose, at his peril, to ignore the subpoena.

The Court finds that Plaintiff made reasonably diligent efforts to serve Mr. Narayanan and that service to his Ann Arbor Post Office Box, his last known address, was proper service in this case. Plaintiff was reasonable in concluding that reenacting diligent efforts to personally serve Mr. Narayanan, which had failed just months earlier, would have been futile. Plaintiff's service on Mr. Narayanan at a Post Office Box address that Plaintiff knew to have been a correct address for Mr. Narayanan due to a previous successful effort to serve him with the Summons and Complaint at that

6

Post Office Box address, was reasonably calculated to, and indeed did, give Mr. Narayanan actual notice that he had been subpoenaed to attend a deposition *duces tecum* in connection with a lawsuit to which he previously had been named as a party.

It is undisputed that Mr. Narayanan ignored the subpoena, never objected to the subpoena or moved to quash and failed to appear, forcing Plaintiff to incur significant expenses of approximately $5,000, *i.e.* payment to Ohio counsel to travel to Grosse Pointe Farms, Michigan to attend the deposition as well as paying a court reporter and further paying counsel to draft the necessary paperwork to compel compliance. The Magistrate Judge correctly concluded that such facts support a finding of civil contempt.

### IV.   CONCLUSION

Accordingly, Mr. Narayanan is ordered to appear before this Court in Room 737 of the Theodore Levin Federal Courthouse at 231 W. Lafayette Blvd., Detroit, Michigan 48226 on **Friday, June 3, 2016 at 2:00 p.m.**, and shall show cause why this Court should not issue an order of civil contempt and award Plaintiff sanctions. Failure to appear as ordered will result in an automatic finding of civil contempt and entry of appropriate sanctions, including the possibility of incarceration.

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  April 26, 2016

7

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 26, 2016.

                                                  s/Deborah Tofil
                                                  Case Manager