UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NITHYANANDA DHANAPEETAM
OF COLUMBUS,

        Plaintiff,                      CIVIL ACTION NO. 14-mc-51228

    v.                                 DISTRICT JUDGE PAUL D. BORMAN

AARTHI S. RAO,                   MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter comes before the Court on three motions: (1) Plaintiff Nithyananda Dhanapeetam of Columbus's Motion for an Order of Contempt and Sanctions Against Aarthi Rao, Including Issuance of Bench Warrant (ECF No. 20); (2) Plaintiff's Motion for an Order of Contempt and Sanctions Against Aarthi Rao, Including Request for Revocation of Aarthi Rao's U.S. Passport (ECF No. 23); and (3) a Motion to Withdraw as Counsel for Manickam Narayanan filed by Petitioner Ryan Sweeney of Cramer, Minock & Sweeney, P.L.C. (ECF No. 28). Plaintiff filed a Response to the Motion to Withdraw (ECF No. 30); no response has been filed to Plaintiff's Motions for an Order of Contempt and Sanctions. This matter has been referred to the undersigned for all pretrial proceedings pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B). (ECF No. 3.)  Because this is a post-judgment matter, the undersigned must proceed by Report and Recommendation. The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

**I.   RECOMMENDATION**

For the reasons that follow, it is recommended that Plaintiff's Motion for an Order of Contempt and Sanctions Against Aarthi Rao, Including Issuance of Bench Warrant (ECF No. 20) and Plaintiff's Motion for an Order of Contempt and Sanctions Against Aarthi Rao, Including Request for Revocation of Aarthi Rao's U.S. Passport (ECF No. 23) be **DENIED**. It is also recommended that Mr. Sweeney's Motion to Withdraw as Counsel (ECF No. 28) be **GRANTED**.

**II.   REPORT**

   **A.   Background**

Plaintiff is a non-profit religious corporation doing business in Ohio as a "Nithyananda Vedic Temple," the first of its kind established in the United States of America. *Nithyananda Dhanapeetam of Columbus v. Rao*, Case No. 2:13-cv-00526, ECF No. 3, PageID.19 (S.D. Ohio June 5, 2013.) Sri Nithyananda Swami ("Swami") is Plaintiff's founder and spiritual head and a religious leader, whose teachings are rooted in the Hindu religion/Vedic tradition. *Id.*, ECF No. 3, PageID.21.) Defendant Aarthi Rao is a former Nithyananda devotee, who worked and/or volunteered for Swami and Plaintiff from 2004 through 2010 in various capacities, including as a yoga and meditation teacher and as Swami's personal caretaker. *Id.*, ECF No. 3, PageID.21-22.

Plaintiff sued Defendant for defamation and tortious interference with business relationships on May 31, 2013, in the United States District Court for the Southern District of Ohio, Eastern Division. *Nithyananda Dhanapeetam of Columbus v. Rao*, Case No. 2:13-cv-00526, ECF No. 1 (S.D. Ohio May 31, 2013). Plaintiff obtained a default judgment against Defendant in that case on August 12, 2014, in the amount of $463,211.25, plus $10,568.30 in attorneys' fees, $603.20 in costs, and post-judgment interest in the amount of three percent per

annum. (ECF No. 2, PageID.4-5, 13-17.) The default judgment was certified and registered in this District on September 12, 2014. (ECF No. 1.) Plaintiff then filed a Motion for Appearance and Examination of Judgment of Defendant on October 22, 2014, pursuant to Federal Rule of Civil Procedure 69 and Michigan Compiled Laws § 600.6110, seeking to determine Defendant's financial status and the scope of her collectible assets. (ECF No. 2.) The court granted Plaintiff's Motion on April 26, 2016, and ordered Defendant to appear for a creditor's examination on a date and time set by Plaintiff and to bring to the examination the documents listed in Exhibit 1 of Plaintiff's Motion. (ECF No. 12, PageID.112.)

Upon receipt of the court's Order, Plaintiff served a Notice of Deposition *Duces Tecum* on Defendant at her last known mailing address, which required that Defendant appear for a deposition and produce documents on Thursday, May 19, 2016, at 10:00 a.m. at the office of Plaintiff's counsel. (ECF No. 20, PageID.235-236; ECF No. 20-2.) Defendant did not appear for her examination, and she did not produce any of the requested documents. (ECF No. 20, PageID.236.) As a result, Plaintiff has filed the instant Motions for an Order of Contempt and Sanctions against Defendant, requesting (1) the issuance of a federal bench warrant against Defendant in the amount of the underlying judgment; and (2) the issuance of a formal request and certification to the Secretary of State to revoke Defendant's United States passport. (ECF Nos. 20, 23.)

    **B.**     **Law and Analysis**

"Except in cases where a United States Magistrate Judge exercises consent jurisdiction in a civil case under 28 U.S.C. § 636(c) or misdemeanor jurisdiction under 18 U.S.C. § 3401, the Magistrate Judge may not enter an order of civil contempt. Rather, the Magistrate Judge must

proceed under 28 U.S.C. § 636(e)(6)(B)." *U.S. v. Hendrickson*, No. 06-11753, 2010 WL 2318770, at *1 (Apr. 16, 2010). This section provides as follows:

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B).

The undersigned certifies the following facts pursuant to 28 U.S.C. § 636(e)(6)(B):

1. On April 26, 2016, the court ordered Defendant to appear for a creditor's examination on a date and time set by Plaintiff and to bring to the examination the documents listed in Exhibit 1 to Plaintiff's Motion for Appearance and Examination of Judgment of Defendant. (ECF No. 12, PageID.112.)

2. Upon receipt of the court's Order, Plaintiff served a Notice of Deposition *Duces Tecum* on Defendant at her last known mailing address, P.O. Box 1408, Ann Arbor, MI 48106-1408, and two other addresses: P.O. Box 131275, Ann Arbor, MI 48113-1275 and 3118 Village Circle, Ann Arbor, MI 48108. (ECF No. 20, PageID.235-236; ECF No. 20-2.)

3. The Notice of Deposition *Duces Tecum* required Defendant to appear for a deposition and produce documents on Thursday, May 19, 2016, at 10:00 a.m. at the law offices of Plaintiff's counsel in Gross Pointe Farms, Michigan. (*Id*.)

4. Defendant did not appear for her examination, and she did not produce any of the requested documents. (ECF No. 20, PageID.236; ECF No. 20-3.)

5. Plaintiff asserts that it incurred significant legal fees, travel costs, and court reporter costs as a result of Defendant's failure to appear. (ECF No. 23, PageID.274.)

6. Defendant has not appeared at all in this matter, nor has she paid any amount on the underlying judgment. (ECF No. 20, PageID.236.)

7. As Plaintiff points out, Defendant has a history of failing to obey court orders for her appearance at hearings and creditor examinations in other jurisdictions, which has resulted in the dismissal of her bankruptcy petition filed in this District, an award of sanctions entered against her in a California state court, and two bench warrants

4

>entered for her arrest by the Washtenaw County Circuit Court. (ECF No. 20, PageID.236-237; ECF Nos. 20-4, 20-5, 20-6, 20-7, 20-8.)

Plaintiff argues that Defendant's conduct in this matter and her history of non-compliance in other jurisdictions show that Defendant has no regard for judicial orders or the laws of this Country and warrant the following relief: an order of contempt, the issuance of a federal bench warrant in the amount of the underlying judgment, and the issuance of a formal request and certification to the U.S. Secretary of State to revoke Defendant's U.S. passport. (ECF No. 20, PageID.238, ECF No. 23, PageID.270, 286-287.)

Federal Rule of Civil Procedure 69 governs the execution of Plaintiff's default judgment and allows a party attempting to enforce a judgment to obtain discovery from any person in accordance with the Federal Rules of Civil Procedure or the procedure of the state where the court is located. Fed. R. Civ. P. 69(a). Failure to obey a discovery order may be treated as contempt of court under Federal Rule of Civil Procedure 37(b) and Michigan Court Rule 2.313(B). It is within the court's sound discretion whether to hold an individual in contempt, but such a sanction "should not be used lightly." *Elec. Workers Pension Trust Fund of Local Union #58, IBEW v. Gary's Elec. Serv. Co.,* 340 F.3d 373, 378 (6th Cir. 2003). Moreover, when contempt is sought by a party, the party seeking contempt must demonstrate by clear and convincing evidence that the individual "violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *M & C Corp. v. Erwin Behr GmbH & Co.*, 289 F. App'x 927, 935 (6th Cir. 2008) (internal quotations omitted). Any ambiguity in the court's order is resolved "in favor of the party charged with contempt." *Id.* The burden then shifts to the individual charged with contempt to make a categorical and detailed showing that compliance is impossible. *U.S. v. Rylander*, 460 U.S. 752, 757 (1983); *U.S. v. Conces*, 507 F.3d 1028, 1043 (6th Cir. 2007).

Here, the court ordered Defendant to appear for a creditor's examination and produce documents on a date and time set by Plaintiff. Plaintiff then served a Notice of Deposition *Duces Tecum* on Defendant, setting the date and time for examination and production as May 19, 2016 at 10:00 a.m. The Notice of Deposition was properly served and was not ambiguous. Plaintiff has produced a transcript of the event that clearly demonstrates that Defendant did not appear for the creditor's examination or produce documents, in violation of the court's Order. (*See* ECF No. 20-3.) These facts, as certified above, support a finding of civil contempt.

Plaintiff believes that Defendant's failure to comply with the court's discovery order, combined with her history of non-compliance with court orders in other jurisdictions, also warrants the issuance of a bench warrant and the revocation of Defendant's passport. But the appropriate path would be to order Defendant to appear before the court and show cause why she should not be held in contempt for her failure to comply with the court's order; the issuance of a bench warrant would be premature at this juncture.

As for the revocation of Defendant's U.S. passport, Plaintiff has failed to provide factual or binding legal support for such a harsh sanction. Plaintiff argues that Defendant has been "misusing her passport and attempting to escape the toils of the law by abusing her citizenship status in the United State[s] and visa status in India to elude not only the payment of the underlying judgment . . . but to avoid complying with multiple court orders in this case related to the enforcement of the judgment, as well [as] other cases against her in the United States." (ECF No. 23, PageID.270-271.) To support this argument, Plaintiff cites (1) *Kent v. Dulles*, 357 U.S. 116, 127 (1958) (acknowledging Secretary of State's power to refuse to issue passports in cases where the applicant is "participating in illegal conduct, trying to escape the toils of the law, promoting passport frauds, or otherwise engaging in conduct which would violate the laws of the

United States"); (2) *Haig v. Agee*, 453 U.S. 280, 286, 308-10 (1981) (upholding Secretary of State's revocation of a passport where the passport holder's "activities abroad [we]re causing or [we]re likely to cause serious damage to the national security or the foreign policy of the United States"); (3) 22 CFR § 51.62, which provides that the Department of State may revoke a passport when the passport has been misused; (4) 42 U.S.C. § 652(k), under which the Secretary of State may revoke the passport of an individual who owes arrearages of child support in excess of $2,500; and (5) 26 U.S.C. § 7345, which provides for the revocation of an individual's passport if he has a seriously delinquent tax debt greater than $50,000.  (ECF No. 23, PageID.270, 282-283.)  Plaintiff likens Defendant's failure to pay the $500,000 default judgment in this case to an individual's failure to pay child support or a delinquent tax debt and argues that Defendant's failure to pay and comply with court orders is sufficient justification under 22 CFR § 51.62(a) to allow the court to ask the Secretary of State to revoke Defendant's passport for misuse for attempting to escape the toils of the law.  (ECF No. 23, PageID.284-287.)

But even if the cited legal authority were applicable to the instant matter, Plaintiff has presented no facts or evidence to support its argument.  Plaintiff asserts in conclusory fashion that after Defendant obtained her passport in July 2010, she misused it to escape the toils of the law (*i.e.*, the instant default judgment, the California sanctions, the Washtenaw County bench warrants, and other court orders) by going abroad.  (ECF No. 23, PageID.284.)  But Plaintiff does not explain when Defendant traveled, where she traveled, or how she traveled, nor does Plaintiff provide any shred of evidence that Defendant actually traveled abroad for the specific

purpose of evading her legal obligations in the United States.[1] Plaintiff has failed to support its request for revocation of Defendant's passport.

The evidence that Plaintiff did submit in support of its motion for revocation of Defendant's passport, however, reveals a questionable relationship between Swami and Defendant. Specifically, the evidence reflects that Defendant made a criminal complaint of rape against Swami in India in 2010, alleging that he subjected her to repeated intercourse and sexual abuse by dominating her will using undue influence and obtaining her consent by fraud. (ECF No. 23-12, PageID.348; ECF No. 23-17, PageID.462-463.) Swami, his followers, and his non-profit organizations then filed several lawsuits and complaints against Defendant in India and the United States, including a suit for misappropriation of trade secrets filed by Life Bliss Foundation in California state court on March 22, 2011, and the underlying case for defamation filed by Plaintiff in the Southern District of Ohio on May 31, 2013. (ECF No. 23, PageID.278; ECF No. 23-12; ECF No. 23-17, PageID.464-468; ECF No. 23-18, PageID.479-481.) Defendant characterized the multitude of cases filed against her as a concerted retaliatory effort by Swami and his followers to harass, intimidate, threaten, and humiliate her so as to prevent her from testifying as a witness against him in the Indian criminal trial. (ECF No. 23-17, PageID.467-469.)

The evidence also reflects that Defendant has purportedly been concerned for her safety since filing her rape complaint against Swami, which concern she openly expressed to the Indian authorities and in a sworn declaration filed in Washington state court. (ECF No. 23-17, PageID.463; ECF No. 23-18, PageID.479.) Additionally, Defendant filed for bankruptcy in this District on November 1, 2011, but she moved to excuse her appearance in any hearing or matter

---

[1] Interestingly, in one document submitted by Plaintiff to support its assertion that Defendant obtained an Indian visa, Defendant declared under the penalty of perjury on September 13, 2012, that she was presently in India to serve as a prosecution witness against Swami. (ECF no. 23-18, PageID.473, 481.)

8

related thereto because she believed that her appearance would give one of her creditors the means to determine her undisclosed location and that she would be physically harmed by or at the direction of one of her creditors. The bankruptcy court denied Defendant's motion and ordered her to appear at the mandatory Section 341 meeting of creditors but provided that a court security officer would chaperone her to, from, and during the meeting. Defendant failed to appear at that hearing in spite of the safety precautions, and Defendant's bankruptcy case was dismissed as a result. (ECF Nos. 23-4, 23-5, 23-6, 23-12, PageID.382.)

This evidence suggests a legitimate reason for Defendant's failure to appear in this and other cases and gives the undersigned great pause in making any recommendation in further support of the execution of Plaintiff's default judgment.

For this and the additional reasons stated above, it is recommended that Plaintiff's Motions for an Order of Contempt and Sanctions Against Aarthi Rao, Including Issuance of Bench Warrant and Request for Revocation of Aarthi Rao's U.S. Passport (ECF Nos. 20, 23) be denied. It is further recommended that the Motion to Withdraw as Counsel for Manickam Narayanan filed by Petitioner Ryan Sweeney of Cramer, Minock & Sweeney, P.L.C. (ECF No. 28) be granted.

### III.   NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which

raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: January 2, 2020        s/ Mona K. Majzoub
                                             MONA K. MAJZOUB
                                             UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Aarthi Rao at P.O. Box 1408, Ann Arbor, Michigan 48106, and counsel of record on this date.


Dated: January 2, 2020        s/ Leanne Hosking
                                             Case Manager